## GASOW–HOWARD MOTOR CO. v. McGEE.
### No. 2206.

Court of Civil Appeals of Texas. Beaumont. March 9, 1932.

Rehearing Denied March 16, 1932.

Conley, Renfro & Keen, of Beaumont, for appellant.

Alfred DuPerier, of Beaumont, for appellee.

WALKER, J.

This case originated in justice court and was an action by appellee against appellant, for damages growing out of breach of contract. Appellee contended that appellant gave him a contract to build a truck body and breached the contract by refusing to let him do the work. He claimed as his measure of damages the difference between the contract price and a $50 advancement made him by appellant; also, he claimed that on faith of the contract he had expended certain sums not itemized in preparation for his work, and sued for the amount thus expended, together with the loss of time and anticipated profits. Appellant answered by saying that when the contract was made he paid appellee in advance $50, and that in consideration of this $50 appellee agreed to cancel the contract. In justice court judgment was for appellant with appeal to county court. In county court the jury found that appellee did not agree to accept the $50 in liquidation of the contract, and that, exclusive of the $50 and of "the amount paid out for material," appellee sustained damages in the sum of $125. Judgment was accordingly entered in favor of appellee.

### Opinion.

The judgment of the lower court will have to be reversed because there is no evidence in the record to support the finding of $125 damages. It should also be said that appellee's testimony was so indefinite as to the amount of expenditures incurred by him on faith of the contract that a finding on that issue would be without support.

In estimating appellee's damages the jury was charged by the court to exclude the amount paid out for materials and the $50 advanced by appellant. This was error. Appellee's proper measure of damages was the reasonable outlay of time and expenditure towards the performance of his contract, together with anticipated profits. Clearly, appellant was entitled to a credit of the $50 on the elements of damage properly chargeable against it. On another trial, if the evidence is the same as on this trial, the court should submit his charge, in view of the following testimony by appellee: "When I went to lunch and had just sat down to eat, he came with a check. The little tag was left on my door to call Gasow-Howard the next day, I believe. The next day when I called, nobody was there. I believe I got in touch with Cantrell (appellant's agent) late that afternoon or night. He didn't tell me then that Rush was not buying the truck. He told me there was some misunderstanding and for me to wait." As we understand appellee's testimony, he did not wait, but on faith of his contract proceeded to incur large items of expense. The general rule is that there can be no recovery for losses which might have been prevented by reasonable efforts on the part of the person injured. 17 C. J. 767. So in this case, when appellant advised appellee "to wait," it was not responsible for subsequent expenditures and loss of time incurred by appellee on faith of the contract. Under his own testimony, appellee's proper measure of damages was the reasonable outlay of time and expenditures for material incurred by him prior to the instructions from appellant "to wait," together with his anticipated profits. What has just been said should not be construed as an instruction to exclude the issue of consequential damages, provided it is properly pleaded and proven.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial.